UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EVONNA MATHIS,

    Plaintiff,

v.

UNITED STATES MARSHAL SERVICE,

    Defendant.

_____

Hon. Janet T. Neff

Case Nos. 1:20-cv-711
1:20-cv-837
1:20-cv-838
1:20-cv-866
1:20-cv-867

**REPORT AND RECOMMENDATION**

On July 31, 2020, Plaintiff filed her *pro se* complaint in this case against the United States Marshal Service. The Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 4.) On August 13, 2020, I issued a Report and Recommendation recommending that the Court dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (ECF No. 6.) Plaintiff's complaint consisted entirely of legal terms and phrases. She did not include any facts that might have disclosed the basis of her claim. The Report and Recommendation also noted that Plaintiff's claim against the United States Marshals Service is barred by sovereign immunity. (*Id.* at PageID.11.)

On August 31, 2020, Plaintiff filed an amended complaint, again naming the Marshals Service and adding the Department of Justice Center and the United States Attorney General as Defendants. (ECF No. 10.) Plaintiff's amended complaint suffers from the same defects as her original complaint—it contains legal terms, phrases, and conclusions but fails to allege any facts supporting a claim for relief. Moreover, like the Marshals Service, the United States Attorney General is immune from suit because sovereign immunity extends to federal officers acting in their official capacities. *Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Blakely v. United States*, 276 F.3d

853, 870 (6th Cir. 2002) ("The doctrine of sovereign immunity not only bars suits against the United States when the plaintiff seeks monetary damages but also extends to suits for money damages against officers and agents of the United States in their official capacities."). To the extent Plaintiff intends to sue the Department of Justice, her claim is similarly barred. *See Balser v. Dep't of Justice*, 327 F.3d 903, 907 (6th Cir. 2003). Moreover, Plaintiff fails to cite an express waiver of sovereign immunity by Congress. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992). Plaintiff's action therefore remains subject to dismissal as set forth in the August 13, 2020 Report and Recommendation.

At the time Plaintiff filed the instant action, she also filed two other complaints captioned *Evonna Mathis v. United States Attorney General*, Case No. 1:20-cv-712, and *Evonna Mathis v. United States Attorney General*, Case No. 1:20-cv-713. Both complaints contained the same type of pleading deficiencies presented in the instant case. On August 13, 2020, in Case No. 1:20-cv-712, Judge Maloney entered an Order and Judgment dismissing Plaintiff's action for lack of jurisdiction, noting that "plaintiff's complaint is a meritless filing which is nothing more than a laundry list of legal terms." (Case No. 1:20-cv-712, ECF No. 5.) On August 11, 2020, in Case No. 1:20-cv-713, Magistrate Judge Green issued a report and recommendation that Plaintiff's complaint be dismissed for failure to state a claim because "Plaintiff has failed to assert any facts concerning [the alleged violations]." (Case No. 1:20-cv-713, ECF No. 6.) Plaintiff filed an amended complaint in that case, which was essentially a carbon copy of her amended complaint in the instant case. On September 15, 2020, Magistrate Judge Green issued a Report and Recommendation that Plaintiff's amended complaint be dismissed on the same grounds as her original complaint.

Plaintiff was not finished filing complaints. On August 31, 2020, she filed a second round initiating two cases, the first captioned *Evonna Mathis v. Dept. of Justice Center*, *et al.*, Case No. 1:20-cv-837, and the second captioned *Evonna Mathis v. United States Department of Justice*, Case No. 1:20-cv-838.[1] On September 4, 2020, Plaintiff filed a third round, also initiating two cases, the first captioned *Evonna Mathis v. United States Marshal Service*, *et al.*, Case No. 1:20-cv-866, and the second captioned *Evonna Mathis v. United States Attorney General, et al.*, Case No. 1:20-cv-867.[2] Plaintiff was granted leave to proceed *in forma pauperis* in each case. Plaintiff's second and third rounds of complaints are no different than those in her first round and therefore are subject to dismissal for lack of jurisdiction and/or failure to state a claim and because the federal government Defendants are immune from suit for money damages.

Therefore, I recommend that Plaintiff's first amended complaint in this case be **dismissed with prejudice** and her motion to seal case (ECF No. 11) be **denied as moot**. I further recommend that Plaintiff's complaints in Case Nos. 1:20-cv-837, 1:20-cv-838, 1:20-cv-866 and 1:20-cv-867 be **dismissed with prejudice**.

I also recommend that, because Plaintiff has abused the privilege of proceeding *in forma pauperis*, *see Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998) (proceeding in forma pauperis is a privilege and not a right), and taxed this Court's limited judicial resources by filing numerous meritless actions, the Court issue an order barring her from filing any future actions against the named Defendants in the above-referenced cases. *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (holding that a district court has the power to "enjoin[] any future litigation on

---

[1] In Case No. 1:20-cv-837, Plaintiff also sued the Knights of Columbus and AT&T (named as AT&T/SBC (FBI) Inc.).

[2] In Case No. 1:20-cv-866, Plaintiff added the United States Postmaster General as a new Defendant.

any cause of action arising from the fact situation at issue in [the] case"); *Curry v. Trump*, No. 1:19 CV 2983, 2020 WL 1940844, at *1–2 (N.D. Ohio Apr. 22, 2020) (barring the plaintiff from filing additional lawsuits in forma pauperis regarding her employment with the City of Mansfield after having "already filed multiple *pro se* actions" on the subject).

Alternatively, the Court may wish to bar Plaintiff from proceeding *in forma pauperis* altogether in any future lawsuit she may file in this Court. *See Hopson v. Secret Serv.*, No. 3:12CV-770-H, 2013 WL 1092915, at *3 (W.D. Ky. Mar. 15, 2013) ("Given Mr. Hopson's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court.").

## CONCLUSION

For the foregoing reasons, I recommend that the above-referenced cases be **dismissed with prejudice** and that the Court consider limiting or precluding Plaintiff from proceeding *in forma pauperis* in any future case in this Court. The Court must also decide whether an appeal of these actions would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that the undersigned recommends dismissal of these actions, the undersigned discerns no good faith basis for an appeal and recommends that, should Plaintiff appeal the dismissal of any of these cases, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

4

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date:  September 17, 2020                               /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge